Case 2:25-cv-00077   Document 14   Filed on 07/21/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERNEST OLIVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00077 |
| | § | |
| WARDEN, S.C.P. THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending are a petition for a writ of habeas corpus filed by Ernest Olivarez ("Petitioner") pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a motion for summary judgment filed by the United States (Doc. No. 13). As discussed below, the undersigned recommends that the district court DISMISS Petitioner's § 2241 action as moot. The district court should also DENY Respondent's motion for summary judgment (Doc. No. 13) as moot.

### A. *Jurisdiction and background.*

Petitioner filed this action while incarcerated at the Bureau of Prisons' ("BOP's") federal correctional institution at Three Rivers, Texas ("FCI Three Rivers"). (Doc. No. 1.) FCI Three Rivers is located within this district and division. *See* 28 U.S.C. § 124(b)(6). Petitioner's filing vested this Court with jurisdiction under 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (§ 2241 petitions must be filed in the district where the prisoner is incarcerated); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (jurisdiction attaches upon the initial filing for habeas release); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (jurisdiction attached on initial filing for habeas relief, and was not destroyed by petitioner's subsequent transfer).

Petitioner was convicted in the United States District Court for the Northern District of Texas of conspiring to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841.  (Doc. No. 13-1, p. 1.)  That court sentenced Petitioner to 170 months' confinement, to be followed by three years of supervised release, among other punishments.  *Id.* at 3, 4.  Petitioner was remanded into custody and was ultimately placed by BOP at FCI Three Rivers.  *See* Doc. No. 13-2.

While in BOP custody, Petitioner earned 365 days of credit that could be applied toward early release.  (Doc. No. 13-2, pp. 5-6.)  Petitioner had earned an additional 760 days of credit as of May 5, 2025 which could be applied to transfer to pre-release custody.  *Id.*  Petitioner was transferred to the custody of RRM Dallas on March 27, 2025, and was placed in a halfway house.  *Id.* at 3.

In his § 2241 action, filed on March 13, 2025, Petitioner claimed that BOP the Bureau of Prisons ("BOP") has failed to transfer him timely to pre-release custody.  He claimed that despite having become eligible for transfer to pre-release custody on either April 19, 2024 or February 20, 2025, that transfer had not occurred.  (Doc. No. 1, p. 2.)  He contended that he protested BOP's failure to transfer him, but that he did not receive a response to his protest and that the protest was not even assigned a case number.  *Id.*

Respondent, the warden of the BOP facility where Petitioner was confined, seeks summary judgment, arguing that this action is moot because Petitioner was transferred to a Residential Reentry Management ("RRM") facility after this action was filed, and thus that Petitioner has already received the relief he requested: transfer to pre-release custody.  (Doc. No. 13, pp. 10-11.)  Respondent also argues that Petitioner failed to exhaust his administrative

remedies, contending that there is no record that Petitioner ever attempted to exhaust his administrative remedies as required. (Doc. No. 13, pp. 7-9; Doc. No. 13-3.)

Plaintiff has not responded to the motion for summary judgment.

### B. Summary judgment standard.

In deciding a motion for summary judgment, the court must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56 generally applies to habeas cases such as this. *See Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000); Fed. R. Civ. P. 81(a)(4). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *See Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

### C. Discussion: dismissal is appropriate because this case is moot.

Respondent's summary judgment motion appears to be properly supported. Respondent has supplied two declarations with supporting evidence, and the undersigned finds that the submitted evidence is competent for consideration.

Petitioner did not respond to Respondent's motion for summary judgment, and this lack of response can be construed under this Court's local rules as a lack of opposition to that motion. *See* Local Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas. The appropriate course in this case, however, is to dismiss Petitioner's action without prejudice on mootness grounds.

When Petitioner filed this § 2241 action on March 13, 2025, he claimed that he had not been transferred to pre-release custody despite allegedly being eligible for such transfer. (Doc.

No. 1, pp. 2, 6-7.) Petitioner, however, has since been transferred to pre-release custody two weeks after filing this action. *See* Doc. No. 13-2, p. 3.

The sole relief sought by Petitioner in this action was transfer to pre-release custody. (Doc. No. 1, p. 8.) He has received that relief, and so his habeas action is moot: his action no longer presents a live controversy. *See Ibarra v. Cox*, No. 2:23-CV-00052, 2023 WL 6931355, at *2 (S.D. Tex. Sept. 14, 2023) (Libby, M.J.), *adopted*, 2023 WL 6931338 (S.D. Tex. Oct. 19, 2023) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Escobar v. Barr*, 824 F. App'x 300, 300-01 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject matter jurisdiction.")). Dismissal of this § 2241 action without prejudice is therefore appropriate.[1] For the same reason, denial of Respondent's summary judgment motion as moot is also appropriate. *See Dungy v. Cox*, No. 2:20-CV-00300, 2021 WL 5043116, at *2 (S.D. Tex. Sept. 10, 2021) (Hampton, M.J.), *adopted*, 2021 WL 5040417 (S.D. Tex. Oct. 29, 2021).

### D. Conclusion and recommendation.

The district court should DISMISS Petitioner's § 2241 habeas action without prejudice as moot. The district court should also DENY Respondent's motion for summary judgment (Doc. No. 13) as moot.

---

[1] Because dismissal for mootness is appropriate, it is unnecessary to consider whether this action should also be dismissed for failure to exhaust administrative remedies. The undersigned notes, however, that the summary judgment evidence shows that Petitioner never submitted any administrative remedy request for any issue relating to the calculation of his sentence. *See* Doc. No. 13-3, pp. 2-3 ¶ 2. Because Petitioner submitted no evidence to establish that he exhausted the BOP's administrative remedy process, it is possible that dismissal could have been appropriate for this reason as well. *See Ibarra*, 2023 WL 6931355, at *2-*3.

*E.  Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.  A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on July 21, 2025.

MITCHEL NEUROCK
United States Magistrate Judge